Matthew Swanlund (CSB No. 204542)
  matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
8055 W Manchester Ave, Suite 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545

Attorney for Plaintiff
YZ Productions, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YZ PRODUCTIONS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>SPREADSHIRT, INC., a Delaware corporation,<br><br>                    Defendant. | Case No.    2:22-cv-04293<br><br>**COMPLAINT FOR:**<br><br>**TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YZ Productions, Inc. ("Plaintiff" or "YZ") hereby complains of Spreadshirt, Inc. ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for (1) direct and contributory trademark counterfeiting under 15 U.S.C. §1114, (2) direct and contributory trademark infringement under 15 U.S.C. §1114, (3) direct and contributory trademark infringement, and false designation of origin under 15 U.S.C. §1125(a); (4) direct and contributory trademark dilution under 15 U.S.C. §1125(c); and (5) direct, contributory, and vicarious copyright infringement under 17 U.S.C. §501 *et seq*.

2.    The Court has original subject matter jurisdiction over the claims that relate to trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and has original subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over the claims which arise under state statutory and common law, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, and copyright infringement in California and in this Judicial District, including, but not limited to, counterfeiting, and using infringing marks, and designs in connection with the sale and

offering for sale of products to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5. YZ is a corporation organized and existing under the laws of the State of California, having a principal place of business at 16000 Ventura Blvd, Suite 520, Encino, CA 91436, in Los Angeles County.

6. Upon information and belief, Spreadshirt, Inc. is a Delaware corporation, having a principal place of business at 1572 Roseytown Road, Greensburg, PA 15601.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### YZ and Its Intellectual Property

7. YZ is a professional multimedia production company, YouTube channel operator, and distributor engaged in the production, design, creation, distribution and sale of multimedia content.

8. YZ's numerous YouTube channels contain a library of thousands of original videos and currently has more than Twenty-Five Million (25,000,000) subscribers.

9. YZ's numerous social media channels (i.e., Instagram, Facebook, TikTok) also has multiple millions of subscribers and followers.

10. Since at least as early as January 1, 2016, YZ has used REBECCA ZAMOLO as a trademark in U.S. commerce in connection with multimedia content (i.e., YouTube videos), social media channels, consumer products, and clothing (collectively, the "REBECCA ZAMOLO Goods").

11. The REBECCA ZAMOLO trademark was registered with the U.S. Patent and

2
COMPLAINT

Trademark Office on June 30, 2020 as Registration No. 6,090,463.

12.    YZ is the owner of all right, title and interest in and to the trademark REBECCA ZAMOLO (the "REBECCA ZAMOLO Trademark") for the REBECCA ZAMOLO Goods.

13.    YZ is the owner of the following federal trademark registrations for the REBECCA ZAMOLO Trademark and owns all right, title and interest in and to the subject marks thereof and all goodwill associated therewith:

| MARK | REG. NO | GOODS/SERVICES |
|------|---------|----------------|
| REBECCA ZAMOLO | 6,090,463 | Class 3: Cosmetics; Cosmetics for children.<br><br>Class 16: Stickers and transfers; Blank journal books; Blank journals; Blank writing journals; Personalized writing journals; Printed materials, namely, blank journals.<br><br>Class 25: Hats; Hoodies; Shirts; Tops as clothing; Sweat shirts; T-shirts.<br><br>Class 41: On-line video journals, namely, vlogs featuring nondownloadable videos in the field of current events, humor, and popular culture; Production of humorous videos for the Internet; Production of musical videos. |

14.    Attached hereto as Exhibit A is a true and correct copy of YZ's Trademark Registration Certificate.

15.    YZ is the author of an original work of art titled "RZ Cupcake Pink/Teal" (the "RZ Cupcake Artwork").

16.    Since at least as early as January 1, 2018, YZ has used the RZ Cupcake Artwork on consumer products and clothing (collectively, the "RZ Cupcake Goods").

3
COMPLAINT

17.    YZ is the owner of all right, title and interest in and to the copyright ("RZ Cupcake Copyright") for the RZ Cupcake Goods.

18.    The RZ Cupcake Artwork has been registered with the U.S. Copyright Office since November 21, 2019 as Registration No. VA0002188615. Attached hereto as Exhibit B is a true and correct copy of YZ's Copyright Registration Certificate.

19.    As a result of YZ's substantial and continuous use of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, YZ is the owner of strong common law rights in the mark.

20.    YZ has and continues to widely market and promote the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork by displaying the marks and images on millions of YouTube videos and clothing articles watched and sold in the U.S. The REBECCA ZAMOLO Goods have achieved substantial commercial success.

21.    The REBECCA ZAMOLO Trademark and RZ Cupcake Artwork are the subject of substantial and continuous marketing, promotion and sales by YZ.

22.    YZ's promotional efforts for the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork include – by way of example but not limitation – displaying the marks on or in connection with YZ's online ecommerce store, promotional and point-of-sale materials, YZ's websites and other Internet websites, YZ's published books, YZ's published gaming app, and YZ's social media accounts.

23.    As a result of YZ's substantial use and promotion of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, the marks and images have acquired great value as specific identifiers of YZ's products and serve to identify and distinguish YZ's products from those of others.

24.    Customers in this Judicial District and elsewhere readily recognize the REBECCA ZAMOLO Trademark as distinctive designations of the origin of YZ's REBECCA ZAMOLO brands of entertainment and other products and services.

COMPLAINT

25.     The REBECCA ZAMOLO Trademark and RZ Cupcake Artwork are intellectual property assets of enormous value as symbols of YZ and its quality products, reputation, and goodwill.

### Defendant's Infringing Activities

26.     Without permission or consent from YZ, Defendant has marketed, offered for sale, sold, created, caused to be manufactured, and/or shipped to consumers unauthorized goods bearing counterfeit and infringing marks and designs that are identical to or substantially similar to the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork.

27.     Upon information and belief, Defendant owns and operates an ecommerce system through which infringing and counterfeit apparel and other goods displaying the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, and/or confusingly marks and substantially similar designs (hereinafter, "Infringing Goods") are marketed, offered for sale, sold, created, manufactured, and/or shipped to consumers by Defendant, all without permission or authorization from YZ.

28.     Upon information and belief, Defendant is directly involved in the sale of goods via its e-commerce system and has direct control over and specific knowledge of the Infringing Goods advertised or sold via that system. For instance, YZ informed Defendant on April 30, 2020, that the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork were featured on several Infringing Goods displayed on Defendant's ecommerce website. *See* Exhibit C, attached hereto. In that communication, YZ provided Defendants with links to specific Infringing Goods for sale, as well as screen shots of the listings for the Infringing Goods. *Id*. By listing the Infringing Products, Defendant provides all of the necessary tools for users to create online storefronts through which Infringing Goods are then marketed, offered for sale, and sold.

29.     Defendant's online storefronts are integrated into its website, www.spreadshirt.com. Defendant provides technical, logistical, and other support for those

storefronts. Defendant processes retail transactions for the sale of the goods, creates or directs the creation of the Infringing Goods, and handles shipment of the goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

30.     Defendant has offered for sale, sold, and/or shipped Infringing Goods to customers in California, including to customers in this Judicial District. Upon information and belief, Defendant also has made or directed the manufacture of those goods in this Judicial District.

31.     Defendant has directly profited from the sale of Infringing Goods through its e-commerce system. Defendant has a direct financial interest in the sale of those Infringing Goods because Defendant receives a portion of each sale made through its e-commerce system.

32.     Some examples of Infringing Goods displaying the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork offered for sale and sold on Defendant's website are shown below:





8
COMPLAINT



9

COMPLAINT







33.     Upon information and belief, Defendant has specific knowledge of the Infringing Goods sold through its e-commerce system, including the goods shown in Paragraph 32 of this Complaint, at least because of Defendant's intimate involvement in the marketing, offering for sale, selling, producing, and/or shipping of the goods, and other customer support provided by Defendant relating to the goods.

34.     Defendant is not affiliated with YZ. At no time has YZ ever given Defendant license, permission, or authority to use or display, reproduce, distribute or market the REBECCA ZAMOLO Trademark, RZ Cupcake Artwork or the YZ Goods.

35.     Upon information and belief, Defendant knew of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork and YZ's rights therein when Defendant began marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

36.     YZ notified Defendant of its infringement of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, including in correspondence dated April 30, 2020 ("First Demand Letter"), and demanded, in part, that Defendant stop its unlawful activities and provide an accounting of sales related to the Infringing Goods. *See* Exhibit C. In the First Demand Letter, YZ detailed specific instances of infringement, which included links and screenshots of the listings for Infringing Products. *Id*. Defendant removed the Infringing Goods, however Defendant did not provide any accounting of sales related to the Infringing Goods and failed to otherwise respond in any substantive way to the First Demand Letter.

37.     During routine intellectual property review activities by YZ, it was discovered that Defendant thereafter re-commenced the marketing, offering for sale, selling, creating, directing manufacture, and/or distributing the Infringing Goods in blatant and willful disregard of YZ's valuable intellectual property rights, and contrary to the First Demand Letter.

38.     YZ notified Defendant of its infringement again in correspondence dated

April 25, 2022 ("Second Demand Letter") and again demanded that Defendant cease its unlawful activities and provide an accounting of sales related to the Infringing Goods. *See* Exhibit D.

39. Defendant removed the Infringing Goods, but again Defendant has refused to provide Plaintiff with any accounting of sales related to the Infringing Goods or otherwise provide any substantive response to the First Demand Letter or Second Demand Letter.

40. Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally attempted to capitalize on YZ's valuable reputation and customer goodwill in the REBECCA ZAMOLO Trademark by using marks and images that are the same or lilkely to cause confusion to the REBECCA ZAMOLO Trademark on or in connection with Infringing Goods.

41. Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of the products offered and sold through Defendant's e-commerce system and are intended to cause consumers and potential customers to believe that the products are associated with YZ, when they are not.

42. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to YZ's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of YZ's goods and the Infringing Goods sold through Defendant's e-commerce system, and has otherwise competed unfairly with YZ by unlawfully trading on and using the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork without YZ's permission or consent.

43. Defendant's acts complained of herein have caused damage to YZ in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

44. Defendant's acts complained of herein have caused YZ to suffer irreparable injury to its business. YZ will suffer substantial loss of goodwill and reputation unless and

until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting Under 15 U.S.C. § 1114)

45.    YZ incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 – 44 of this Complaint as if set forth fully herein.

46.    This is a claim for trademark counterfeiting arising under 15 U.S.C. § 1114.

47.    Defendant has intentionally used in commerce, without permission from YZ, marks that are identical to or substantially indistinguishable from the REBECCA ZAMOLO Trademark that is the subject of YZ's U.S. Trademark Registration No. 6,090,463, in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion, or to cause mistake, or to deceive.

48.    YZ alleges that Defendant has used the non-genuine marks in connection with its business knowing that the marks are counterfeit. YZ is informed and believes, and on that basis alleges, that the activities of Defendant complained of herein constitute willful and intentional trademark counterfeiting, and Defendant acted with an intent to unfairly compete against YZ, to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, or approved by YZ, when in fact they are not.

49.    Defendant's use of the REBECCA ZAMOLO Trademark includes the sale of products in the same categories as those sold on Plaintiff's website, www.rebeccazamolo.com, and covered by YZ's U.S. Trademark Registration No. 6,090,463.

50.     Defendant is also contributorily liable for the counterfeiting acts of the users of Defendant's e-commerce system.

51.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute goods displaying marks that are counterfeits of YZ's federally registered REBECCA ZAMOLO Trademark that is the subject of YZ's U.S. Trademark Registration No. 6,090,463.

52.     For instance, YZ's First Demand Letter informed Defendant that Infringing Goods were listed on Defendant's website. However, Defendant continued to allow the Infringing Goods to be listed on its website. YZ subsequently discovered that such Infringing Goods were again listed on Defendant's website, and YZ's Second Demand Letter again informed Defendant that Infringing Goods were listed on Defendant's website.

53.     Indeed, Defendant's allowance of Infringing Goods to be listed on its website before receiving the First Demand Letter and then takedown of Infringing Goods after receiving the First Demand Letter exhibits its direct control over, and monitoring of, the e-commerce system it provides to users. Defendant's allowance of Infringing Goods to be relisted on its website after receiving the First Demand Letter and then takedown of Infringing Goods after receiving the Second Demand Letter again exhibits its direct control over, and monitoring of, the e-commerce system it provides to users.

54.     Based upon Defendant's actions, it is clear that Defendant knowingly and materially assists users with marketing, offering for sale, selling, creating, manufacturing, and/or distributing Infringing Goods. In addition, Defendant's actions show that it has supervisory power over users of its e-commerce system because, for example,  Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

55.     Based upon these allegations, Defendant had actual knowledge of YZ's ownership and prior use of the registered REBECCA ZAMOLO Trademark and without

the consent of YZ, has willfully and intentionally violated 15 U.S.C. § 1114. YZ is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

56.     Defendant, by its actions, has irreparably injured YZ and damaged YZ in an amount to be determined at trial. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement Under 15 U.S.C. § 1114)

57.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 56 of this Complaint as though fully set forth herein.

58.     This is a claim for direct and contributory trademark infringement arising under 15 U.S.C. § 1114.

59.     YZ owns a valid and enforceable federally registered trademark for the REBECCA ZAMOLO Trademark.

60.     Defendant has directly infringed the federally registered REBECCA ZAMOLO Trademark by using the mark in commerce, without permission from YZ, colorable imitations, and/or confusingly similar marks to the REBECCA ZAMOLO Trademark.

61.     Defendant use is seen in numerous ways. On their website, Defendant advertises the Infringing Goods that contain the REBECCA ZAMOLO Trademark and offers the Infringing Goods for sale. Defendant's product listing pages on its own website are advertisements of the Infringing Goods.

62.     Further, Defendant offers to sell the Infringing Goods on its website by including details about the Infringing Goods for sale, such as the type of goods and details

COMPLAINT

about the goods.

63.     Defendant then sells Infringing Goods that contain the REBECCA ZAMOLO Trademark to consumers by accepting money from consumers, directing the manufacture of the Infringing Goods, fulfilling orders, and shipping the Infringing Goods to consumers, thus forming a sales contract with consumers.

64.     Defendant's use of the REBECCA ZAMOLO Trademark is shown by providing the platform for the Infringing Goods, processing orders for the Infringing Goods placed by consumers, arranging for the manufacture of the Infringing Goods, arranging for shipping of the Infringing Goods, controlling all customer service and return activities with the consumer, and pocketing a significant portion of the profits when consumers purchase the Infringing Goods from its website.

65.     In addition, Defendant's use of the REBECCA ZAMOLO Trademark is likely to cause confusion amongst consumers as to the origin of the REBECCA ZAMOLO Trademark because Defendant sells the Infringing Goods bearing the REBECCA ZAMOLO Trademark in the same categories of goods as sold by Plaintiff on their website, www.rebeccazamolo.com.

66.     Defendant has used the aforementioned marks in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion or mistake, or to deceive.

67.     Defendant is also contributorily liable for the infringing acts of the users of Defendant's e-commerce system.

68.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods. For instance, YZ's First Demand Letter informed Defendant that Infringing Goods were listed on Defendant's website. Defendant's takedown of the Infringing Goods after receiving the First Demand Letter exhibits its direct control over,

and monitoring of, the e-commerce system it provides to users. However, Defendant allowed the Infringing Goods to be listed on its website again. Defendant's allowance of Infringing Goods to be relisted on its website after receiving the First Demand Letter and then takedown of Infringing Goods after receiving the Second Demand Letter again exhibits its direct control over, and monitoring of, the e-commerce system it provides to users.

69.     Based upon Defendant's actions, it is clear that Defendant knowingly and materially assists users with marketing, offering for sale, selling, creating, manufacturing, and/or distributing Infringing Goods.

70.     In addition, Defendant's actions show that it has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

71.     The activities of Defendant complained of herein constitute willful and intentional infringements of YZ's REBECCA ZAMOLO Trademark, and Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, originated from, or are approved by, YZ, when they are not.

72.     Defendant had actual knowledge of YZ's ownership and prior use of the REBECCA ZAMOLO Trademark and willfully violated 15 U.S.C. § 1114.

73.     Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

74.     Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

75.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 74 of this Complaint as though fully set forth herein.

76.     This is an action for direct and contributory trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

77.     As a result of the widespread use and promotion of the REBECCA ZAMOLO Trademark, the mark has acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the REBECCA ZAMOLO Trademark with YZ.

78.     Defendant has directly infringed the REBECCA ZAMOLO Trademark and created a false designation of origin, by using in commerce, without YZ's permission, trademarks that are identical to and/or likely to cause confusion with the REBECCA ZAMOLO Trademark, in connection with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

79.     In addition, Defendant's use of the REBECCA ZAMOLO Trademark is likely to cause confusion amongst consumers as to the origin of the REBECCA ZAMOLO Trademark because Defendant sells the Infringing Goods bearing the REBECCA ZAMOLO Trademark in the same categories of goods as sold by Plaintiff on their website, www.rebeccazamolo.com.

80.     Further, the REBECCA ZAMOLO Trademark and Defendant's Infringing Goods are not dictated by function, but instead are aesthetic designs and thus non-functional.

81.     Defendant is also contributorily liable for the infringing acts of the users of Defendant's e-commerce system.

82.     Defendant provides its e-commerce system to users knowing or having reason

to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods.

83. Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, manufacturing, and/or distributing Infringing Goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

84. Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of YZ with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

85. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of the REBECCA ZAMOLO Trademark, Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by or approved by YZ, when they are not.

86. Upon information and belief, Defendant had actual knowledge of YZ's ownership and prior use of the REBECCA ZAMOLO Trademark, without the consent of YZ, willfully violated 15 U.S.C. § 1125(a).

87. Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

88. Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FOURTH CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

89.    YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 88 of this Complaint as though fully set forth herein.

90.    This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

91.    YZ is the owner of valid and enforceable copyright in the RZ Cupcake Artwork, which contains copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

92.    YZ has complied with the registration requirements of 17 U.S.C. § 411(a) for the RZ Cupcake Artwork, and has obtained Copyright Registration No. VA0002188615.

93.    Defendant has unlawfully copied protected elements of the RZ Cupcake Artwork.

94.    Upon information and belief, Defendant had access to the RZ Cupcake Artwork at least because YZ displays the RZ Cupcake Artwork on its clothing, accessories, websites, online ecommerce store, YouTube Channels, and social media pages. Defendant also had access to the RZ Cupcake Artwork because YZ previously notified Defendant of its infringement of those copyrighted designs in the First Demand Letter and Second Demand Letter.

95.    Without permission from YZ, Defendant has directly infringed the RZ Cupcake Artwork by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the RZ Cupcake Artwork.

96.    Defendant is also contributorily and vicariously liable for the acts of copyright infringement by users of Defendant's e-commerce system.

97.    Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, manufacture, and/or distribute goods that infringes the RZ Cupcake Artwork.

98.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and substantially assists users with marketing, offering for sale, selling, creating, manufacturing, and/or distributing goods that infringe the RZ Cupcake Artwork.

99.     Upon information and belief, Defendant has the right and ability to supervise its users' conduct on Defendant's e-commerce system, including, for example, because it can remove products from its e-commerce system and even suspend or terminate users' storefronts.

100.    Defendant also profits directly from the sale of goods through its e-commerce system that infringe the RZ Cupcake Artwork because Defendant receives a portion of each sale.

101.    Defendant's deliberate copying of the RZ Cupcake Artwork infringes and continues to infringe the RZ Cupcake Artwork in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on YZ's exclusive right to reproduce copies, make derivative works, distribute copies, and display its RZ Cupcake Artwork under 17 U.S.C. §§ 106(1)–(3), (5).

102.    Upon information and belief, Defendant's infringement has been willful and deliberate.

103.    Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

104.    Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, YZ prays for judgment against Defendant as follows:

COMPLAINT

1.     That the Court render a final judgment in favor of YZ and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1114 by directly and/or contributorily counterfeiting YZ's REBECCA ZAMOLO Trademark that is the subject of U.S. Trademark Registration Nos. 6,090,463;

3.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1114 by directly and/or contributorily infringing YZ's registered trademarks, including at least the REBECCA ZAMOLO Trademark;

4.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully and directly and/or contributorily infringing the REBECCA ZAMOLO Trademark by using a false designation of origin, false description or false representation through the marketing, offering for sale, and sale of Infringing Goods offered through Defendant's e-commerce system;

5.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(c) by directly and/or contributorily diluting YZ's famous Marks;

6.     That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the RZ Cupcake Artwork (Reg. No. VA0002188615);

7.     That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

        a.  using any of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, in connection with Defendant's products or other products offered

for sale or sold through Defendant's e-commerce system, using any of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork in advertising or promoting Defendant's products or other products offered through Defendant's e-commerce system, and/or using confusingly similar variations of any of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork in any manner that is likely to create the impression that Defendant's products or other products offered through Defendant's e-commerce system originate from YZ, are endorsed byYZ, or are connected in any way with YZ;

b.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork and/or any confusingly similar marks or images;

c.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing or using the RZ Cupcake Artwork or any designs substantially similar thereto;

d.  without permission or authorization from YZ, copying, reproducing, distributing, displaying, creating derivative works of the RZ Cupcake Artwork and/or importing, manufacturing, or producing any products bearing copies or derivative works of the RZ Cupcake Artwork;

e.  filing any applications for registration of any trademarks, copyrighted works, or designs confusingly similar to the REBECCA ZAMOLO Trademark, and/or substantially similar to the RZ Cupcake Artwork;

f.  otherwise infringing any of the REBECCA ZAMOLO Trademark and RZ

25

COMPLAINT

Cupcake Artwork or otherwise diluting the REBECCA ZAMOLO Trademark;

    g.  falsely designating the origin of Defendant's products in any manner suggesting that Defendant's products or other products offered for sale or sold through Defendant's e-commerce system originate from YZ; and

    h.  causing a likelihood of confusion or injury to YZ's business reputation;

8.    That Defendant be directed to file with this Court and serve on YZ within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

9.    That Defendant be required to account to YZ for any and all profits derived by Defendant and all damages sustained by YZ by virtue of Defendant's acts complained of herein;

10.    That Defendant be ordered to pay over to YZ all damages which YZ has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

11.    That, at YZ's election, Defendant be ordered to pay over to YZ statutory damages under 15 U.S.C. § 1117(c) of the statutory limit for the REBECCA ZAMOLO Trademark that Defendant has counterfeited;

12.    That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

13.    That YZ be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if YZ elects, that YZ be awarded statutory damages pursuant to 17 U.S.C. § 504;

14.    That Defendant's actions be deemed willful;

COMPLAINT

15.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to YZ pursuant to at least 15 U.S.C. § 1117, 17 U.S.C § 505;

16.    That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing any of the REBECCA ZAMOLO Trademark and RZ Cupcake Artwork, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

17.    That YZ be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, YZ hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**AESTHETIC LEGAL, A.P.L.C.**

Dated: June 23, 2022          By:    /s/ Matthew Swanlund

Matthew Swanlund
8055 W Manchester Ave, Suite 310
Playa del Rey, CA 90293
Telephone: 310.301.4545

Attorney for Plaintiff
YZ PRODUCTIONS, INC.